IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL BENJAMIN                                                                                          PLAINTIFF

       v.                              Civil No. 08-5134

OFFICER S. CHANDLER,
Fayetteville Police Department;
MAYOR DAN COODY; and
SHERIFF TIM HELDER                                                                                        DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Michael Benjamin (hereinafter Benjamin), filed this action pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

### BACKGROUND

On May 23, 2006, Benjamin contends his constitutional rights were violated when he was arrested by Officer Chandler and charged with aggravated assault, possession of a controlled substance, and simultaneous possession of drugs and a firearm. *Complaint; Addendum* at ¶ 1 & ¶ 3. Benjamin maintains that Officer Chandler was told by three witnesses that no one had a gun. *Addendum* at ¶ 3. Nevertheless, after talking to the clerk of the store "where the call was made" Chandler without Benjamin's permission "took" his keys and unlocked his truck and glove compartment and obtained his weapon. *Id.* Benjamin indicates he was charged with aggravated assault on Mr. Hulse "even though Mr. Hulse said [Benjamin] did not pull a gun on him." *Id.* Benjamin states each of these charges was eventually dismissed. *Addendum* at ¶ 2.

Benjamin contends the search and seizure by Chandler was illegal. *Addendum* at ¶ 3.

He also maintains the arrest was illegal. *Id.* Finally he maintains Chandler falsified the police reports. *Id.*

Benjamin obtained a bond through Donna's Bail Bonds Company. *Supplement* (Doc. 17). He then indicates he was advised by his attorney that the charges were dismissed. *Id.* Benjamin traveled to Baker, Louisiana. *Id.* On May 15, 2007, Benjamin alleges he was tackled by a bondsman, handcuffed, and told his bond had been revoked and he was wanted back in Fayetteville, Arkansas. *Id.* He was transported to the Washington County Detention Center (WCDC). *Id.*

Upon arrival, he was told he was being held on a failure to appear. *Supplement* (Doc. 17). However, Benjamin states when he was taken to arraignment it was on charges of delivery of methamphetamine, possession of a controlled substance, and the simultaneous possession of drugs and a firearm. *Id.* He was then appointed a public defender on these charges. *Id.* He later took a plea and was sentenced to a term of imprisonment. *Id.* Benjamin, however, contends he was railroaded by the State on this "fabricated case."

With respect to Mayor Dan Coody, Benjamin states that on or around June 19, 2007, he wrote a letter to the mayor's office stating he was being held without a warrant or information. *Addendum* at ¶ 4. He indicates he received no response to his letter. *Id.* Benjamin indicates he made "several attempts there after and still never received a answer so I assum[e] the mayor knew of my illegal arrest and made no attempts to correct the matter." *Id.* Benjamin maintains this denied him Due Process in violation of the Sixth Amendment. *Id.*

With respect to Sheriff Helder, Benjamin states that upon his arrival at the WCDC on May 15, 2007, he asked to see Sheriff Helder several times. *Addendum* at ¶ 5. Benjamin

indicates he was told his request would be relayed. *Id.* Benjamin indicates he asked the staff member to tell Sheriff Helder that he had been taken from Baker, Louisiana, without a warrant and there were no warrant for his arrest. *Id.* Benjamin therefore told the staff member to advise Sheriff Helder that his being held in the WCDC violated his Fourth Amendment Rights.

## DISCUSSION

Several of Benjamin's claims are subject to dismissal. First, Benjamin's false arrest claims are subject to dismissal. In *Baker v. McCollan*, 443 U.S. 137, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979), the Supreme Court stated:

> The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted-indeed, for every suspect released. Nor are the manifold procedural protections afforded criminal defendants under the Bill of Rights "without limits." *Patterson v. New York*, 432 U.S. 197, 208, 97 S.Ct. 2319, 2326, 53 L.Ed.2d 281 (1977). "Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person." *Ibid.*
>
> The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers-all of whom may be potential defendants in a § 1983 action-is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury

*Baker*, 443 U.S. at 145-46.

Here, Benjamin was arrested and charged with crimes by Chandler. The fact that he ultimately was able to have the charges dropped does not establish that he was falsely arrested

or charged.

Similarly, the "Constitution does not mention malicious prosecution nor do[es] Benjamin] cite a basis for a federal action for malicious prosecution." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001). The Eighth Circuit has "uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury." *Id.*

Second, Benjamin's claims against Mayor Dan Coody are subject to dismissal. To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. There is no generalized constitutional right to have your public officials respond to all mail sent to them or to address all concerns voiced to them by individuals. Moreover, liability under § 1983 requires personal involvement. *See e.g., Clemmons v. Armontrout*, 477 F.3d 962 (8th Cir. 2007).

Third, Benjamin's claims against Sheriff Helder are subject to dismissal. A claim of deprivation of a constitutional right cannot be based on a respondeat superior theory of liability. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Further, Benjamin has not alleged that the WCDC operated pursuant to a policy or custom that violated his constitutional rights. Thus, Benjamin's claims against Sheriff Helder are subject to dismissal.

## CONCLUSION

I therefore recommend that the following claims be dismissed: (1) the false arrest, malicious prosecution, and false imprisonment claims; (2) all claims against Mayor Dan Coody; and (3) all claims against Sheriff Tim Helder. This leaves for later resolution Benjamin's illegal

search claims.  I will by separate order direct service on Officer Chandler.

**Benjamin has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Benjamin is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of March 2009.

/s/ *J. Marschewski*
   HON. JAMES R. MARSCHEWSKI
   UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)