IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL BENJAMIN                                                                    PLAINTIFF

        v.                              Civil No. 08-5134

OFFICER S. CHANDLER,
Fayetteville Police Department                                                      DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983 on June 17, 2010. He proceeds *pro se.* Plaintiff is incarcerated in the Arkansas Department of Correction.

On August 6, 2010, an order was entered dismissing the case (Doc. 46). Plaintiff filed a timely notice of appeal on September 1, 2010 (Doc. 47). Plaintiff also filed a motion for leave to proceed *in forma pauperis* (IFP) on appeal (Doc. 48). On September 3, 2010, an order (Doc. 49) was entered informing the Plaintiff that his IFP application had insufficient information for the Court to determine whether he should be allowed to proceed IFP on appeal and also to meet the requirements of the Prison Litigation Reform Act (PLRA). Plaintiff was directed to submit the IFP application on the Court approved form. The Clerk was directed to mail Plaintiff a blank IFP application.

On September 16, 2010, Plaintiff filed a second application to proceed IFP (Doc. 50). Once again, the application was not on the Court approved form and contained insufficient information to meet the requirements of the PLRA. Specifically, the application did not contain the account certificate information required by the PLRA. For this reason, the Clerk was again

directed to mail the Plaintiff a blank IFP application (Doc. 51). Plaintiff was given until October 6, 2010, to return the completed application.

On October 5, 2010 (Doc. 52), the Plaintiff filed his third request for leave to proceed IFP. Once again the application was not on the approved form and did not include the completed account certificate required by the PLRA. I therefore recommend that the IFP applications (Docs. 48, 50, and 52) be denied.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 6th day of October 2010.

/s/ *Erin L. Setser*
　　HON. ERIN L. SETSER
　　UNITED STATES MAGISTRATE JUDGE